NOT DESIGNATED FOR PUBLICATION

Nos. 121,937
121,938
121,939

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NAOMI ANN DRIESEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 2, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., BUSER, J., and WALKER, S.J.

PER CURIAM: Naomi Ann Driesel appeals the district court's decision to revoke her probation and impose her underlying prison sentence in three separate cases. Driesel filed a motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We granted Driesel's motion for summary disposition and, finding no error, we affirm.

In June 2017, officers of the South Hutchinson Police Department stopped a vehicle in which Driesel was a passenger. The officers arrested the driver of the vehicle and performed an inventory search. During the search, the officers found items consistent

with illegal drug possession, use, and distribution. Driesel agreed to speak with the officers after she was Mirandized and admitted she owned the items discovered during the vehicle search. At that time, Driesel had an outstanding warrant for a traffic offense, and the officers placed her in custody.

Shortly thereafter the State charged Driesel in case No. 17CR528 with possession of methamphetamine, possession of paraphernalia with intent to distribute a controlled substance, and possession with intent to use drug paraphernalia to ingest a controlled substance into the human body. The district court released Driesel on bond.

About a month later, in July 2017, before arraignment in 17CR528, a concerned citizen informed a police officer about suspicious activity in a nearby parking lot. The officer approached Driesel and, after running her name through dispatch, determined she had an outstanding arrest warrant for failure to appear after driving while suspended. The officer placed Driesel under arrest and found methamphetamine, a digital scale, and drug paraphernalia in her backpack. Subsequently, the State charged Driesel in this second case, No. 17CR641, with possession of methamphetamine with intent to sell and possession of drug paraphernalia with intent to distribute a controlled substance.

In addition to the new charges in 17CR641, the State filed a motion to revoke Driesel's bond in 17CR528 because of the alleged illegal activity in July 2017. The district court issued a bench warrant, and Driesel was arrested.

In August 2017, Driesel pled guilty to and was convicted of possession of methamphetamine in 17CR528 and possession of methamphetamine with intent to sell in 17CR641. The State dismissed the other charges in both cases as part of a plea agreement.

The district court sentenced Driesel to 17 months' imprisonment but released her on 12 months' probation in 17CR528. In 17CR641, the district court sentenced Driesel to 108 months' imprisonment., with the sentences to run consecutively. The district court ultimately ordered Driesel to serve a 60-day jail sentence with early release in October 2017 for inpatient treatment and granted Driesel's motion for dispositional departure to serve 36 months' probation.

About three months later, in November 2017, Driesel was a passenger in a vehicle during a DUI traffic stop. Police arrested the driver of the vehicle and performed a vehicle search incident to arrest. During the search, the police found a vial of white crystal substance on the floor, which later tested positive for methamphetamine, along with suspected drug paraphernalia. Driesel once again admitted, after *Miranda* warnings, that she owned the vial found in this search. The State charged Driesel in case No. 17CR1073 with possession of methamphetamine and possession with intent to use drug paraphernalia to ingest a controlled substance into the human body.

In addition to filing this third set of charges against Driesel, the State also filed a motion to revoke her probation in 17CR528 and 17CR641, alleging Driesel violated the law by possessing an illegal drug and paraphernalia, by failing to report to her intensive supervision officer (ISO) as instructed, and by failing to attend aftercare treatment as ordered.

In February 2018, Driesel pled guilty to and was convicted of both charges in 17CR1073. Driesel also stipulated to the allegations in the motion to revoke probation in 17CR528 and 17CR641. The district court revoked and reinstated Driesel's probations in 17CR528 and 17CR641 for 36 months, to begin after she served a 60-day jail sanction. One month later, the district court sentenced Driesel in 17CR1073 to a controlling term of 16 months' imprisonment but released her on 36 months' probation.

In September 2018, the State filed another motion to revoke probation, alleging Driesel: (1) failed to report to her ISO several times, (2) tested positive for methamphetamine in August 2018, (3) failed to complete required community service, (4) failed to provide a urine specimen as requested, and (5) resided with an individual with whom she did not have permission to live. Driesel stipulated to most of the allegations in the State's motion to revoke and the district court found she violated her probation. The district court ordered Driesel to serve another 60-day jail sanction and extended her probation for 36 months.

In April 2019, Driesel's ISO filed yet another order to arrest and detain her, alleging she violated the terms of her probation by: (1) admitting to using methamphetamine in January and March 2019, (2) testing positing for methamphetamine in March and April 2019, (3) having law enforcement contact for a municipal court warrant and failing to contact her ISO about the incident, and (4) failing to report to her ISO in March and April 2019. At the probation violation hearing, Driesel's ISO testified Driesel did not comply with the terms of her probation as noted in the motion to revoke. The district court found sufficient evidence to revoke Driesel's probation and modified the prior sentences and ordered her to serve her 108-month prison sentence in 17CR641 with her 17-month prison sentence in 17CR528 and her 16-month prison sentence in 17CR1073 to run concurrently.

Driesel timely filed a notice of appeal. In her motion for summary disposition, Driesel contends the district court erred when it revoked her probation and ordered her to serve her underlying prison sentence. Driesel requests this court order the district court to reinstate her probation because she believes intermediate sanctions remained a viable alternative.

Once the district court has determined a defendant has violated the terms of probation, the decision to revoke probation lies within the discretion of the district court.

*State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Driesel has the burden to show the district court abused its discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Driesel identifies no error of fact or law underlying the district court's decision to revoke her various probations and order her to serve her sentence. She violated the terms of her probation several times and was convicted of various drug charges three times over the course of approximately two years. The district court imposed jail sanctions and reinstated or extended Driesel's probation twice, providing multiple opportunities to comply with the terms of her probation, and she failed to do so. The district court determined Driesel exhausted her opportunities to remain on probation. Thus, the district court's decision to revoke probation appears reasonable based on the ongoing nature of Driesel's violations and criminal activity.

Driesel has not established the district court's decision was arbitrary, fanciful, or unreasonable. The district court was well within its statutory authority and sound discretion to revoke Driesel's probation and order her to serve her underlying sentence after imposing intermediate sanctions. See K.S.A. 2020 Supp. 22-3716(c)(1)(C). Even if a reasonable person could disagree as to the propriety of the district court's decision, it is not an abuse of discretion. See *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 279 Kan. 288, 301 P.3d 276 (2013). Driesel fails to meet her burden to show no reasonable person would have taken the view adopted by the district court.

Affirmed.